IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID RAY VAUGHN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-17-941-M ) ) |
| JAILER PERRY, et al., | ) ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

I. *In Forma Pauperis* Application

Preliminarily, Plaintiff has filed an application seeking leave to proceed *in forma pauperis* in this action. Having considered the application and supporting documents, the undersigned finds Plaintiff is apparently not able to pay the required filing fee at this time and GRANTS the application (Docs. # 5, 6). Plaintiff is allowed to proceed *in forma pauperis* in this action without prepayment of any

---

[1] Plaintiff has notified the Court that he is now confined at the Custer County Jail, P.O. Box 40, Arapaho, Oklahoma 73620.

portion of the requisite filing fee.

Plaintiff is advised that although he has been granted permission to proceed without prepayment of any portion of the filing fee, he must pay the full filing fee when funds are available as provided in 28 U.S.C. § 1915(b).  If Plaintiff does not wish to pay the full filing fee, Plaintiff must notify the Court in writing that he wishes to dismiss the action.  Any such written notice must be received by the Clerk of the Court within twenty (20) days of the entry of this Report and Recommendation.

Plaintiff is also advised that payment of any or all of the filing fee does not preclude dismissal of the action under 28 U.S.C. §§ 1915A and 1915(e).  Further, Plaintiff is advised that monthly payments, when available as provided in 28 U.S.C. § 1915(b), will continue to be collected until full payment of the $350.00 filing fee has been received by this Court even after disposition (final ruling) of the case and regardless of whether relief is granted or denied.

II. Statutory Screening of Prisoner Complaints

Federal district courts must screen complaints filed by pretrial detainees or prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to

2

determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is found to be frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009)(quotations and citation omitted).

In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011). On the other hand, "bare assertions" consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. at 554–55).

Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual

3

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing pro se complaint does not "assume the role of advocate")(quotations and citation omitted). Also subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) are frivolous claims that "lack[ ] an arguable basis either in law or in fact" or are "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

With respect to the Plaintiff's Complaint, an initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted. Based upon this review and the findings set forth herein, the undersigned recommends that the cause of action be dismissed upon filing.

III. Personal Participation

Plaintiff alleges in Claim 1 of his Complaint that he was "medically neglected [for] 22 days" when he did not receive his "blood pressure medication." Complaint, at 8. Although he names "Nurse Ashley," "Jailer Perry," Sheriff Perry, and "Capt. Wilson" as the Defendants being sued in this claim, Plaintiff fails to identify any actions taken by any of these Defendants with respect to the alleged 22-day delay in receiving his blood pressure medication.

4

Because personal participation in an alleged constitutional deprivation is a required element of a 42 U.S.C. § 1983 action against an individual, Plaintiff's claim of a 22-day delay in receiving his blood pressure medication does not state a viable claim against any of the named individual Defendants. See Fogarty v. Gallegos, 523 F.3d 1147,1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotation marks omitted).

To the extent Plaintiff names Defendant Sheriff Perry in his supervisory capacity in Claim 1, Plaintiff has failed to state a plausible claim against this Defendant. A plaintiff alleging a 42 U.S.C. § 1983 claim for relief against a supervisory official "must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013). In other words, "[t]o establish a violation of § 1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights." Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013).

Plaintiff has not alleged that Defendant Sheriff Perry took any deliberate or intentional actions designed to violate Plaintiff's constitutional rights. Plaintiff has therefore failed to state a plausible claim for relief under § 1983 against Defendant

Sheriff Perry in his supervisory capacity.

In a second allegation in Claim 1 of the Complaint, Plaintiff alleges that "Jailer Perry" crushed his medication "as a joke and her husband Sheriff Perry was laughing." Complaint, at 8. Assuming the truth of his allegation that Defendant "Jailer Perry" "crushed my pills as a joke" and Defendant Sheriff Perry "thought it was funny," Complaint, at 9, Plaintiff does not explain how the act of crushing his blood pressure medication harmed him. He alleges that he has had "dizzy spells" and "nose bleeds," but he fails to associate any physical harm with the alleged crushing of his blood pressure medication.

Pursuant to 42 U.S.C. § 1997e(e), a claim by a prisoner "for mental or emotional injury suffered while in custody" is prohibited "without a prior showing of physical injury or the commission of a sexual act." Plaintiff's claims for compensatory damages based upon Defendants "Jailer Perry" and Sheriff Perry's action of crushing his medication and laughing about it fail to state a viable claim for § 1983 relief.

IV. <u>Eighth Amendment Claim of Deliberate Indifference to Serious Medical Needs</u>

Plaintiff alleges in Claim II that "[t]hey have a legal duty to adequately give me my medication or seen [sic] by a doctor." Complaint, at 9. As support for this claim, Plaintiff alleges vaguely that he is "still having problems getting[g] my

6

persiption [sic] and getting care."

It appears that Plaintiff is alleging an Eighth Amendment claim in Claim II against Defendants "Jailer Perry," "Nurse Ashley," "Capt. Wilson," and Beckham County Sheriff Perry. This claim is governed by the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994). In Farmer, the Court held that a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828 (internal quotations omitted). This claim has both an objective component and a subjective component. First, the prisoner must show that, objectively, his or her medical needs were "sufficiently serious," and, secondly, the prisoner must show that the prison official acted with a "sufficiently culpable state of mind" such that the official knew of and disregarded an excessive risk to the inmate's health or safety. Self v. Crum, 439 F.3d 1227, 1230-1231 (10th Cir. 2006)(quoting Farmer, 511 U.S. at 837). See also Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(internal quotation omitted). In this case, it is assumed that Plaintiff's high blood pressure is a serious medical need.

7

A prison or jail official may be found to have acted with deliberate indifference if the official prevents the plaintiff from receiving medical treatment or denies the plaintiff access to medical personnel capable of evaluating a serious medical condition. Self, 439 F.3d at 1231. A delay in providing medical care or access to medical treatment does not constitute an Eighth Amendment violation, however, unless the plaintiff shows that the delay "resulted in substantial harm." Sealock, 218 F.3d at 1210.

Plaintiff vaguely alleges that he has experienced headaches, that he has "collapsed a couple time [sic]," that he was given the "wrong med[ication]," that he was given "nitro pills," and that his "blood pressure has been 213/178." None of these vague allegations state a plausible claim of deliberate indifference to his serious medical needs by any named Defendant.

The most that can be inferred from Plaintiff's vague allegations is that medical personnel at the jail are having difficulty prescribing the right medication to regulate his blood pressure. Plaintiff has attached to the Complaint copies of several medical requests for treatment. The responses to his requests indicate Plaintiff has received ongoing medical treatment at the jail for high blood pressure and for acid reflux. The allegations in the Complaint and the documentary evidence attached to the Complaint do not create an inference of deliberate indifference to Plaintiff's

serious medical needs on the part of any named Defendant.

Also, Plaintiff's vague allegation that he was given the "wrong med for 2 weeks by Doctor [sic] Ashley" does not, without more, indicate that Defendant "Nurse Ashley" knew of and disregarded an excessive risk to his health. Nor has Plaintiff identified any substantial harm resulting from either a delay in receiving his blood pressure medication or any instance(s) in which he received the "wrong" blood pressure medication. Consequently, Plaintiff's cause of action seeking damages from Defendants "Jailer Perry," "Nurse Ashley," "Capt. Wilson," and Sheriff Perry should be dismissed without prejudice for failure to state a viable § 1983 claim for relief.

V. <u>Municipal Liability</u>

For a municipality or local government to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." <u>Becker v. Bateman</u>, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted).

In his Complaint, Plaintiff sues Defendants Beckham County Board of County Commissioners. However, Plaintiff has not alleged that a policy or custom of the Board of County Commissioners for Beckham County caused an alleged

constitutional deprivation. See Dodds v. Richardson, 614 F.3d 1185, 1202 (10th Cir. 2010)(recognizing Supreme Court has imposed liability under 42 U.S.C. § 1983 upon municipalities only "when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights"). Moreover, none of Plaintiff's claims implicate a municipal policy or custom as a motivating factor in the alleged constitutional deprivations.

Consequently, Plaintiff's cause of action seeking damages against Defendants Beckham County Board of County Commissioners should be dismissed without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a plausible claim for relief under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted and as frivolous. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 16th___, 2017, in

accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this <u>  26th  </u> day of <u>  September  </u>, 2017.

<u>/s/ Gary M. Purcell</u>
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE